## AXEL DEARBORN *vs.* JOHN PRESTON.

Under Gen. Sts. *c.* 136, §§ 48, 60, it is the duty of the probate court to make partition ot the real estate of a deceased person among his devisees and persons holding under them by conveyance or otherwise, upon the petition of one of them, if there is no real uncer-tainty as to their respective shares or proportions, although one of the parties may insist that there is a dispute or controversy concerning them.

An appeal lies from the decision of a judge of probate, dismissing a petition for partition.

APPEAL from the decision of the judge of probate dismissing a petition for partition of certain real estate devised in the will of Elisha Preston. The case was reserved by the chief justice for the determination of the whole court, upon agreed facts which are stated in the opinion.

*A. Churchill & W. S. Leland,* for the petitioner.

*W. Gaston,* for the respondent.

MERRICK, J. The statute provides that no partition of real estate shall be made by the probate court when the shares or proportions of the respective parties are in dispute between them, or appear to the judge to be uncertain, depending upon the con-struction or effect of any devise or other conveyance, or upon other questions that he deems proper for the consideration of a jury and a court of common law. Gen. Sts. *c.* 136, § 60. But this provision, properly interpreted, requires that, to deprive the probate court of its jurisdiction in a matter of this kind in any particular case, it must be made to appear that there is a real doubt and uncertainty in relation to the legal rights of the par-ties. The mere fact that they do not agree what those rights are or that they are in controversy in respect to them with each

other, is not of itself sufficient and conclusive. It must first be by some means affirmatively and satisfactorily shown that there is an actual dispute and uncertainty concerning their shares or proportions, which can be definitively determined only by submitting some controverted question of fact to a jury, or some doubtful and contested question of law to a legal tribunal competent to decide it. If the facts in reference to which the alleged dispute or uncertainty arises are all known to and expressly admitted by the parties, and the law applicable thereto is clearly settled and established, and if these show that the court has jurisdiction, it is the duty of the judge to proceed and cause the partition to be made, although one of the parties should insist that there is a dispute and controversy concerning their relative shares and proportions of the estate. He must of necessity determine in the first instance whether, upon the facts shown to him, the court can take and retain jurisdiction of the petition. But his decree thereon is not final and conclusive, for it may be revised or reversed in this court, which has appellate jurisdiction of all matters determinable in the probate court, in every case in which other provisions are not specially made. Gen. Sts. *c.* 117, § 17. And upon this subject there is no such special provision.

Giving full effect to the rule established by the statute, upon this interpretation of its provisions, there can be no doubt the probate court had, upon the facts agreed by the parties, authority and right to proceed with the petition for partition in the present case. The premises of which partition is prayed formerly belonged to Elisha Preston, who died seised and possessed thereof. By his last will he devised the whole of his real estate to his three sons, John, Charles F. and George C., to be equally divided among them. This will was duly proved and allowed; and thereupon the whole estate became vested in said devisees in fee, as tenants in common. The said George afterwards conveyed all his right, title and interest in and unto the estate to the said John and Charles, who thereupon became the owners thereof in equal moieties, as tenants in common. Subsequently to this, but prior to the time of the filing of the present

petition, the said Charles conveyed all his right, title and in-
terest in and unto the premises to the petitioner, Axel Dear-
born, who thereupon and thereby became the owner and seised
in fee of one undivided moiety thereof.   His title to one half
of the whole estate is shown by these conveyances to be indis-
putable and complete.   The other moiety is owned, without
question, by the respondent; so that it is impossible that there
can be any dispute or uncertainty concerning their respective
shares in or right to the premises.

But the respondent alleges that the said Charles F. was in-
debted to the said Elisha Preston at the time of his decease, in
a sum exceeding twenty-five thousand dollars; and he insists
that the real estate devised to said Charles in some way stands
chargeable for that portion of his said indebtedness which he is
not entitled as a legatee of personal property to retain; and,
therefore, that one third of the premises did not become vested
in him upon the approval and allowance of the will of said
Elisha; and, consequently, that he was not the owner of one
half of the estate when he made a conveyance of all his right
and interest in it to the petitioner.   If this claim were correct,
or indeed if the assertion that the share of the estate devised
to said Charles is legally subject to any charge or liability in
the nature of a lien or pledge or mortgage, as security for the
whole or for any part of his said indebtedness, were not entirely
and manifestly unsound and erroneous, it might well be affirmed
and adjudged that the relative proportions and shares of the
parties in the premises are in dispute and uncertain.   But no
such claim can be maintained, because the rule of law upon the
subject is so well known and established that there can be no
doubt of the legal right of a devisee of real estate to take and
hold it absolutely, free from any lien or charge or incumbrance
as security for anything which he owed to the testator, and
may still owe to his legal representatives.   It was very early
determined that in the division among the heirs of the real
estate of a person who died intestate, no deduction would be
made from the share of any one of them for or on account of
any debt due from him to the intestate; and that there was no

lien or charge in any form subsisting upon such share as security for such debt, or which could in any way be enforced towards the payment of it. *Procter* v. *Newhall*, 17 Mass. 93. The judgment of the court in the case of *Hancock* v. *Hubbard*, 19 Pick. 167, declared and reaffirmed the same doctrine. And these decisions have never been doubted or brought into question, but ever since they were promulgated have been uniformly received and recognized as true and undoubted expositions of the law. The rights of devisees to real estate, or to any share or interest therein specifically devised to them, depend and are obviously to be determined upon the same principle. The reason why that rule should prevail in reference to devisees to whom real estate is given without words of condition or limitation annexed to the devise is even more strong and obvious than why it should be applied in reference to the inheritance of heirs at law. The testator may prescribe at his own pleasure the terms of his gift; and, if he desires and intends to do so, he may charge and incumber the estate devised with the duty and obligation of paying any debt which shall remain due from the devisee to the testator at the time of his decease. His omission to impose any such condition unequivocally evinces an intention to make his gift absolute and unconditional. And it is a plain and unavoidable consequence of an unrestricted and absolute devise, that the estate devised comes to the devisee entirely free from any incumbrance or liability to be in any part appropriated to the payment or discharge of any debt which was due from him to the testator.

From these considerations it is apparent, from the statement of facts agreed to by the parties, that there is not the least doubt or uncertainty as to their relative rights and shares in the premises described. They are tenants in common, each owning in fee one undivided moiety thereof. The court of probate, therefore, was entitled to exercise jurisdiction of the petition; and the refusal to do so and the dismissal of the petition were consequently erroneous. The decree to that effect must be reversed, and the cause remitted to that court with directions to proceed and cause the partition prayed for to be made