EMILY M. LONGLEY, Petr. for Partition,

*vs.*

JOSIAH B. LONGLEY.

Androscoggin.  Opinion January 11, 1899.

*Partition.  Husband and Wife.  Widow.  Const. Law.  R. S., c. 88; Stat. 1895, c. 157; 1897, c. 196.*

A widow, to whom lands descend from her husband, may have partition thereof at common law.

The constitutionality of the act of 1887, excepting one-third of a decedent's lands from the payment of debts, cannot arise until such third shall have been subjected to the payment of such debts.

ON EXCEPTIONS BY DEFENDANT.

Petition for partition.  By agreement of parties the case was submitted to the presiding justice with the right to except.

The petitioner is the widow of Josiah P. Longley, who died testate October 24, 1897, seized of the premises described in the petition.  By his last will and testament said Josiah P. Longley devised said premises to the respondent, Josiah B. Longley.  The petitioner seasonably waived the provisions of the will.

By her petition the petitioner prayed to have set out to her in severalty her one-third of said real estate to which she claims title as widow of said Josiah P. Longley, deceased.

The respondent's counsel contended that partition of said premises could not be made, and the petitioner's undivided portion thereof could not be set off to her in severalty in this suit; but that her share in said premises could only be set out to her in severalty by the probate court under the provision of R. S., c. 65.  The defendant also contended that the law giving to the widow one-third of the real estate of which her husband died seized, free from the payment of debts, is unconstitutional, it appearing that the estate of Josiah P. Longley was largely involved.

The presiding justice ruled, as matter of law, that the law is constitutional and that the petitioner is entitled to partition in this

action and adjudged that the petitioner have judgment for partition.

To this ruling and adjudication the defendant excepted.

*W. H. Newell and W. B. Skelton*, for plaintiff.

*D. J. McGillicuddy and F. A. Morey*, for defendant.

The plaintiff brings this action not as tenant in common by virtue of the will, for she has waived her provisions under the will, but as heir at law. An heir at law, as defined by this court in *Lord* v. *Bourne*, 63 Maine, p. 379, citing from Bouvier, "is one born in lawful matrimony who succeeds by descent, right of blood, and by act of God to lands, tenements, and hereditaments, being an estate of inheritance." The court in same case further says "so, under our statutes, if administration is not taken out within the time limited by law, when a person dies leaving personal property, such property becomes the widow's, or if none, it goes to the next of kin and administration of intestate estates is granted to the widow, husband or next of kin. R. S., c. 64, § 1. Chapter 64, § 1 and § 17 has not been repealed even by implication, and under these sections this court holds that the widow is not, as such, a legal heir. This court also holds that the husband is no heir of the wife. *Clark* v. *Hilton*, 75 Maine, 426; *Buck* v. *Paine*, Id. 582.

The wife not being heir at law under the decisions of this State, she must still have her interest as wife set out under provisions of R. S., c. 65 and 103.

Statute of 1897, c. 196, is unconstitutional: The estate is involved, the creditors are of long standing; long before the passage of this act. They contracted their bills with Mr. Longley when the inchoate dower, if vested, would be but the use of one third of the real estate, and later under the laws of 1895 when a widow was to have one-third of real estate after the debts were paid. They contracted their debts in good faith and the existing law of the State at the time the bills were contracted entered into and formed as much a part of the contract as if expressly stipulated between the parties thereto. So held in *Phinney* v. *Phinney*, 81 Maine, 450, and cases.

The act of 1897 not limiting its application to those estates in which debts were contracted after its passage is unconstitutional, as it deprives the creditor of the security upon which in good faith he depended in parting with his property. *MacNichol* v. *Spence*, 83 Maine, 87 ; 3 Am. & Eng. Ency. p. 756 ; *Gunn* v. *Barry*, 15 Wall. 610.

SITTING :  PETERS, C. J., EMERY, HASKELL, WHITEHOUSE, STROUT, SAVAGE, JJ.

HASKELL, J.  Petition for partition by the widow of Josiah P. Longley, who died the 24th October, 1897, seized of the premises of which partition is sought.

I.  The jurisdiction of this court is denied.  Partition of lands held in common may be had either at common law or under the statute, R. S., c. 88.  The act of 1897, c. 196, gives a widow, free from the payment of her husband's debts, one-third of the real estate, of which he was seized during coverture, in fee.  The petitioner, therefore, by the death of her husband, became seized in fee of one-third, at least, of his lands as tenant in common with others. She had a right of entry therein, and asks to have her one-third set out to her in severalty.  We see no legal objection to the prayer of her petition.  She is the owner of one-third of the common lands.  No matter how she may have acquired her title.  She has it, and may hold and enforce it just the same as any other tenant in common may do.

*Sears* v. *Sears*, 121 Mass. 267, seems directly in point.  There, a widow took a moiety of certain land for life in lieu of dower, and the court held that she might have partition of the same in the supreme judicial court, notwithstanding she had a like remedy in the probate court ; that the remedies were concurrent, and that she might avail herself of either one.  *Allen* v. *Libbey*, 140 Mass. 82, held that the heir might have partition against the widow, who held one-half for life only.

The widow had an immediate right of entry into one-third of the lands of her husband and was therefore entitled to partition

thereof in severalty. A mortgagor in possession, who is not a tenant at will of the mortgagee, may have partition. *Call* v. *Barker*, 12 Maine, 320; *Upham* v. *Bradley*, 17 Maine, 423. The object of partition is a division of the estate between the legal owners of it regardless of equitable claims. *Tilton* v. *Palmer*, 31 Maine, 486. Semble, that where a widow takes one-half under the statute of 1895-7, but only one-third free from the debts of the husband, she would be entitled to partition of the half to her, subject to a lien for creditors upon one-third of it. That third, or one-sixth of the whole, might be sold in administration for the payment of debts, giving the purchaser thereof a right to partition of the same; but, until sold, the legal title thereto remains in the widow, and she has a right to immediate entry therein, hence partition thereof, for non constat that it ever will be sold for the payment of debts. In the case at bar, however, no such question arises, for the petitioner became seized of one-third only. We think the petition may be maintained.

II. The constitutionality of the act of 1897, exempting one-third of decedent's lands from the payment of debts, is denied. That question cannot arise here, for the widow's third has not been subjected to the payment of debts, and may never be. Until it has been, she is entitled to the possession and income thereof, just the same as an heir would be. The fee is in her, and she has a right of entry therein and therefore may have partition thereof as has already been shown. This question would arise, if at all, inter alios whose rights should not be precluded here.

*Exceptions overruled.*