PATRICK TOBIN *vs.* MARIA LARKIN & another.

Essex.    November 2, 1904. — January 7, 1905.

Present: KNOWLTON, C. J., LATHROP, BARKER, HAMMOND, & LORING, JJ.

*Partition.    Judgment.    Probate Court.    Lis Pendens.*

Whether the provision of R. L. c. 184, § 4, that a petition for partition shall set forth the rights and titles " of all persons interested who would be bound by the partition, stating whether they have an estate of inheritance, for life or for years, whether in possession, remainder or reversion, and whether vested or contingent," requires a petitioner who owns one twelfth of the real estate which is the subject of the petition to set forth the interest of one who has obtained a decree for the specific performance of a contract ordering the owners of the other eleven twelfths of the property to convey their shares to him, so that notice of the petition shall be given to the holder of such decree, *quære.*

A decree of the Probate Court within its jurisdiction is good until set aside and cannot be attacked collaterally.

Mere knowledge by a purchaser of land sold under a decree of partition in accordance with the provisions of R. L. c. 184, § 47, that a suit is pending in which the plaintiff has obtained a decree for the specific performance of a contract by the conveyance of the land to him by the owners in common other than the petitioner for partition, does not invalidate the partition sale so long as the decree of the Probate Court ordering it remains unrevoked, and if the holder of the decree in equity desires to set aside the sale on the ground that he had no notice of the partition proceedings, his remedy, if he has any, is to apply to the Probate Court for a revocation of the decree.

SUPPLEMENTAL BILL IN EQUITY, filed January 3, 1903, to enforce a decree obtained against all the owners in common of certain land in Lawrence other than one Martin Larkin, in a

suit for the specific performance of a contract to convey the land to the plaintiff, in accordance with the decision of this court reported in 183 Mass. 389, in spite of a sale of the land in question to the defendant Patrick J. Lynch on a petition for partition filed by Martin Larkin, as described in the opinion of the court.

The defendants demurred. In the Superior Court *Holmes,* J. overruled the demurrer and made a decree for the plaintiff granting the relief prayed for as stated in the opinion. The defendants appealed.

*W. S. Knox & W. Coulson,* for Maria Larkin.

*J. J. Mahoney,* for Patrick J. Lynch.

*J. P. Sweeney,* for the plaintiff.

KNOWLTON, C. J. The plaintiff brought a bill in equity against Maria Larkin, Bridget Larkin and Martin Larkin, praying for a decree of specific performance of a contract for the sale of real estate. At the hearing it appeared that Martin Larkin owned one twelfth of the estate, and that his two sisters, the other defendants, owned eleven twelfths of it. The bill was sustained as to the two female defendants for their share of the property, and dismissed as to the other defendant. Pending an appeal by the female defendants, Bridget Larkin died. The defendant Martin Larkin began proceedings in the Probate Court for a partition of the property, and without notice to the plaintiff obtained an order for a sale of it for the purpose of partition. Pursuant to a warrant from that court, a sale was made to Patrick J. Lynch, who is one of the defendants in this supplemental bill. He took possession, and now has a record title to the land. A rescript was sent from this court on the appeal in the first suit, affirming the decree for specific performance. See *Tobin* v. *Larkin,* 183 Mass. 389.

The plaintiff avers that at about the time of the filing of the original bill a notice of *lis pendens* was filed in the registry of deeds, and further avers that, in addition to this constructive notice, Lynch as well as the other defendants in the original suit had actual notice of the litigation. He also says that he had no notice of the proceedings for partition until after the sale, and that the advertisement of sale was purposely framed and published in a manner to afford him no notice, and with the intent to

evade the decree on the original bill. The plaintiff prays that
he may have the benefit of the original suit and the proceedings
under it, as against the defendant Lynch, and that the order for
a decree in the original case "may be carried into execution be-
tween the parties to this suit as between the parties to the said
original cause," and for other relief. The defendants filed a de-
murrer which was overruled, and a decree was entered for the
plaintiff that, upon the payment or tender of a specific sum to
the defendants or either of them, or to their attorneys of record
or either of them, they should execute and deliver to the plain-
tiff a quitclaim deed of the premises, free from incumbrances
made or suffered by them or either of them, and that the plain-
tiff should be allowed his costs. From the decree overruling the
demurrer, and from the final decree, the defendants appealed.

If the purpose of this bill is to establish the right of the plain-
tiff to have his share of the proceeds of the sale upon the pay-
ment of the sum due under the contract, it is plain that he is
entitled to the relief sought. But we infer from the statement,
the language of the prayer, from the decree and from the argu-
ments before us, that he desires to set aside the sale, and to have
his share of the property without regard to the proceedings for
partition. In this view the question is whether the bill states
facts that entitle him to this relief.

Martin Larkin, who is not joined in this supplemental bill, had
a right to have a partition which should give him his share in
severalty. *O'Brien* v. *Mahoney,* 179 Mass. 200. The notice of
*lis pendens* and his actual knowledge of the pending litigation
did not deprive him of this right. He brought his petition for
partition, and if all the proceedings had been regular, the judg-
ment for partition and for a sale under the R. L. c. 184, § 47, be-
cause the land could not be advantageously divided, would have
been " conclusive as to the rights of property and possession of
parties and privies to the judgment, including all persons who
might by law have appeared and answered," with certain excep-
tions which are immaterial to this case. R. L. c. 184, § 22. *Fos-
ter* v. *Abbot,* 8 Met. 596. *Hathaway* v. *Thayer,* 8 Allen, 421.
Section 47 of this chapter, which relates to sales where the land
cannot be advantageously divided, declares that " the conveyance
shall be conclusive against all parties to the proceedings for par-

tition and those claiming under them." This plaintiff therefore is bound by the proceedings unless there is ground for setting them aside. By § 4 of this chapter it is provided that " The petition shall set forth the rights and titles, so far as known to the petitioner, of all persons interested who would be bound by the partition, stating whether they have an estate of inheritance, for life or for years, whether in possession, remainder or reversion, and whether vested or contingent. If the petitioner holds an estate for life or years, the remainderman or reversioner shall be so interested and shall be entitled to notice." It is a question not free from difficulty whether the petitioner is one of the " persons interested who would be bound by the partition," within the meaning of this section. If the provision in the statute for a statement by the petitioner in regard to the nature of the estate describes in terms every kind of interest that will be bound by the partition and that should be set forth in it, then plainly the plaintiff is not a person interested within the meaning of the section. He is an equitable owner of eleven twelfths of the property, subject to a liability to pay the contract price, and his claim is adverse to the holders of the record title. If such an owner is not a person interested within the meaning of the statute, the decree of the Probate Court, so far as appears, was obtained regularly. If he is a person interested, it was the duty of the petitioner for partition, who knew of the plaintiff's relation to the property, to set it forth in the petition so that notice should be given to him under the next section. If the failure of the petitioner to do this was an irregularity in the proceedings in the Probate Court, can it be taken advantage of in this suit?

A decree of the Probate Court within its jurisdiction is good unless it is set aside, and it cannot be attacked collaterally. *Gale* v. *Nickerson,* 144 Mass. 415. *Tucker* v. *Fisk,* 154 Mass. 574. *Harris* v. *Starkey,* 176 Mass. 445. *McCooey* v. *New York, New Haven, & Hartford Railroad,* 182 Mass. 205. The sale under the decree for partition was legal and binding. Mere knowledge by the purchaser of the pending litigation in equity does not invalidate his purchase, so long as the decree for sale remains unrevoked. *Foster* v. *Abbot,* 8 Met. 596. If the plaintiff desires to set aside the sale, his remedy, if he has any, is to apply to the Probate Court to revoke the decree as obtained without notice

to him, through the failure of the petitioner to perform the duty imposed upon him by the statute. Whether the facts will entitle him to such a revocation is a question not now before us. If the decree ought to be revoked as against the petitioner Martin Larkin, the question then will arise whether the knowledge of the defendant Lynch charges him with equities so far that his purchase makes no difference with the plaintiff's rights, and that therefore revocation will be ordered as if no sale had been made. This will be a question for the Probate Court, which here we cannot attempt to decide.

The bill states that " the advertisement of said sale was purposely and designedly framed and published in such a manner as to afford the plaintiff no notice of said proceedings and sale in partition, and with the intent to evade the decree on said original bill." But there is no averment that the defendant Lynch was a party to this wrong, or had any knowledge of it. As against him it does not warrant us in treating the sale as void on the ground of fraud. Unless the sale is set aside in connection with the revocation of the decree of the Probate Court, or in some other way, Lynch will be entitled to retain the benefits of his bargain.

The decree of the Superior Court should be reversed, and, upon the interpretation given to the bill by the parties, the demurrer should be sustained.

*So ordered.*