LEVONIA B. BARNES, In Equity

*vs.*

FRED W. HECHLER et al.

Aroostook.    Opinion July 3, 1924.

*A sheriff's sale on an execution issued on a judgment recovered against debtors jointly, on a levy, of different interests of such debtors in and to different parcels of real estate, owned by them in severalty, is null and void.*

The right of a judgment debtor to redeem from such a sale as to his interest in one of the parcels sold, independent of the interest in another parcel of another debtor jointly liable on the execution; such interests being held in severalty, would be wrested from him.

Such debtor desiring to redeem the parcel sold in which he had an interest in severalty should be permitted to be able to ascertain from the deed of the sheriff or from his return of the sale, the amount of money he must pay to effect a redemption and regain his interest sold.

On appeal.    A bill in equity seeking to remove an alleged cloud upon the title of complainant in certain real estate.    The complainant owned an equity of redemption in certain real estate and her husband, Austin A. Barnes, had an attachable interest, under a bond for a deed, in certain real estate adjoining that of his wife, the complainant. Defendant, Fred W. Hechler, obtained a judgment against the complainant and her husband jointly, and levied on an execution issued on said judgment on the interest of the complainant, the right of redemption in the first parcel, and on the interest of her husband under a bond for a deed in the second parcel, the interest of each being several and not joint, and sold at a sheriff's sale the interests of both in the two parcels together at one sale and not separately. Complainant contended that such sale was not a valid sale for the reason that the interest of each was owned in severalty and under the right of redemption each should be able to know how much must be paid in either case to redeem from the sale and regain the title.

After a hearing on the bill, answer, replication and evidence, the sitting Justice found for the complainant and sustained the bill and

defendants appealed.   Appeal dismissed, with an additional single
bill of costs.   Decree below affirmed.

The case is sufficiently stated in the opinion.

*Powers & Mathews*, for complainant.

*A. S. Crawford, Jr. and P. E. Higgins*, for respondents.

SITTING: CORNISH, C. J., PHILBROOK, DUNN, SPEAR, STURGIS,
BARNES, JJ.

DUNN, J.   An appeal from the decree sustaining the bill to remove
what was alleged and found to cloud the plaintiff's title to real estate.

The precise question in this case is, whether, upon execution against
joint debtors, their several interests in separate but contiguous and
unitedly occupied lands, may be levied and sold for one price, validly.

The point does not appear to have been investigated in the cases
heretofore reported by this court nor to have been decided in any
other jurisdiction where the statutory provision is like ours.   R. S.,
Chap. 81, Sec. 32.   It has been held that distinct mortgage equities
belonging to one debtor ought to have been sold, not together for a
single sum, but apart.   *Smith* v. *Dow*, 51 Maine, 21; *Fletcher* v. *Stone*,
3 Pick., 250.   The cited cases settle that a debtor may effect redemp-
tion by piecemeal, that he may buy back one equity aside from any
other.   Accepting the reasonings as good and sufficient, the resem-
blance between the situations is close.

This defendant, Hechler, held an execution issued on a judgment
he had recovered against the present plaintiff and her husband.   The
soundness of that judgment is unchallenged.   For the purpose of
satisfying the execution, the equity of this plaintiff to redeem real
estate from mortgage was levied, and there was levy, also, on the
enforceable right which the other debtor had, in virtue of a bond,
for the conveyance of a lot adjoining that of the mortgage, the two
parcels comprising one farm.

The sheriff offered the equity for sale, but no one bid.   Nor was
there any bidder when he put the other property up.   Then the
sheriff presented the interests in or to the mortgaged land and the
bonded lot as one physical thing, and thus sold and deeded them for an
entire or gross sum to the judgment creditor, who conveyed to the
other defendant.

That first sale was void, and the plaintiff's equitable ownership was unaffected and unimpaired thereby.

The debtors owed jointly but they owned in severalty. What they owned was taken and applied on the execution, but to no purpose. A sold-out debtor may make redemption. R. S., Chap. 81, Sec. 41. And hence it was but compatible with her right, that this plaintiff should have been left in position to have ascertained, from the return of the sale or from the deed, what money it would cost to regain that which was sold from her on compulsory process, and that primarily involved selling her property independent of the other.

The appeal is dismissed with an additional single bill of costs and the decree below is affirmed.