### PATRICK HEALY *vs.* JOHN P. GRANAHAN.

Norfolk. April 6, 1931. — April 9, 1931.

Present: RUGG, C.J., CARROLL, WAIT, SANDERSON, & FIELD, JJ.

*Probate Court*, Decree, Jurisdiction, Partition proceedings. *Land Court*, Registration of title to land.

Where, in proceedings for partition of land in a probate court having jurisdiction of the property and the parties, the land was sold to a third party pursuant to a decree for partition, one, who claimed title under a deed, dated and recorded subsequent to the filing of the petition for partition and previous to the decree therefor, by one of the two owners of the land, to whom had been given a deed by the other owner dated before the partition proceedings were commenced but not recorded until after the decree for partition, could not maintain a petition in the Land Court for registration of the title to the land: the proceedings in the Probate Court acting within its jurisdiction could not be attacked collaterally.

PETITION, filed in the Land Court on June 19, 1928, for registration of the title to land in Quincy.

The case was heard by *Corbett*, J. He ordered the petition dismissed. The petitioner alleged exceptions. In the decision by the judge, the following appeared: Patrick J. Sullivan, who owned the land in question, died intestate in 1911, leaving a widow, Ellen T. Sullivan, and a mother Mary C. Sullivan. Mary C. Sullivan in 1922 gave a deed of her interest in the land to Ellen T. Sullivan. The deed was not recorded until 1927. The petitioner claimed title under a deed from Ellen T. Sullivan dated January 3, 1925, and recorded February 1, 1925. In May, 1923, Mary C. Sullivan filed in the Probate Court a petition for partition of the land. This petition was served in hand on Ellen T. Sullivan, who was represented successively by two attorneys. In June, 1925, a decree of partition was entered in the Probate Court, and the land was sold by the commissioner to John P. Granahan, the respondent in the present petition, in accordance with the decree. In 1929, Ellen T. Sullivan filed a petition to vacate the decree of partition. The petition to vacate was dismissed and the dismissal was affirmed by this court on appeal.

*E. T. Sullivan*, attorney in fact, for the petitioner.

No argument nor brief for the respondent.

RUGG, C.J. This is a petition to register the title to land. The decision of the judge of the Land Court shows that title to the land in question was acquired by the respondent through a sale duly had in the Probate Court under partition proceedings. A petition to vacate those proceedings was dismissed and a decree to that effect was affirmed by this court on appeal. *Sullivan* v. *Mulvihill*, 269 Mass. 125. It is unnecessary to set out at length the recitals in the petitioner's amended bill of exceptions. They have no tendency to affect the decision of the Land Court which was based upon the partition proceedings. There is nothing to indicate that the Probate Court did not have jurisdiction of the property and of the parties in the partition proceedings. It is familiar law that proceedings in the Probate Court acting within its jurisdiction cannot be

attacked collaterally. *Tobin* v. *Larkin*, 187 Mass. 279, 282. *Farquhar* v. *New England Trust Co.* 261 Mass. 209, 212–213.

This case has been continued in order that an effort might be made to modify the decision of the Probate Court. It was stated at the bar that under date of April 1, 1931, a report of material facts had been filed in that court. That does not appear to cast any doubt upon the finality of the proceedings for partition in the Probate Court. The deeds to which reference is made in the bill of exceptions and in the brief in behalf of the petitioner seemingly were not recorded earlier than the conclusion of the partition proceedings; they do not show error in the decision of the Land Court.

*Exceptions overruled.*