ROUJINA MANSOUR ROUKOS, APPELLANT

FROM

DECREE OF JUDGE OF PROBATE IN RE ESTATE OF

MANSOUR JOHN ROUKOS.

Kennebec.    Opinion, January 14, 1944.

184

*Gordon F. Gallant,*

*Harvey D. Eaton,* for the appellant.

*Alfred A. Matthieu,*

*William H. Niehoff,* for appellees.

SITTING: STURGIS, C.J., THAXTER, HUDSON, MANSER, MURCHIE, CHAPMAN, JJ.

CHAPMAN, J. The above cause comes to this Court upon exceptions to the decree of a Justice of the Superior Court, sitting as the Supreme Court of Probate, confirming a decree of the Probate Court for the County of Kennebec, taken to the Supreme Court of Probate upon appeal.

Mansour Hanna Roukos, otherwise known as Mansour John Roukos, died February 3, 1940, testate, leaving a widow, the appellant in this action, and a brother and sister. Upon the will being probated, the widow waived the provisions thereof and by reason of such waiver took the same share in the real estate of her deceased husband as is provided by law in intestate estates. R. S. 1930, Chap. 89, Secs. 13, 14.

By Sec. 1, I of the same chapter, a widow of a person deceased intestate, leaving kindred but no issue, takes one-half interest in the real estate, subject to the payment of debts; but, in any event, one-third interest, free from payment of debts.

The inventory of the estate disclosed two parcels of real estate, one of which parcels was appraised at $6,300, subject to a mortgage of $600, and the second of which parcels was appraised at $3,000, subject to a mortgage of $1,100, making a total equity of the real estate of $7,600. The executor of the estate presented to the Probate Court, under the provisions of R. S. 85, Sec. 1, I, a petition alleging that the personal estate was insufficient to pay the debts of the deceased's funeral expenses, legacies and expenses of sale and of administration and for the erection of a suitable marker or gravestone, and that it was therefore necessary to sell some part of the real estate; and further, that the residue would be greatly depreciated by a sale of any portion thereof, and it was asked that license issue to make sale of the whole of the said real estate for the payment of the debts, funeral charges, legacies and expenses of sale and of administration and for the erection of a suitable marker or gravestone. The petition stated that the debts of the

estate amounted to $352.50, and that the expenses of sale and administration would amount to $600., a total of $952.50. It further stated that the value of the personal estate was $67.16. The petition was granted and a license issued for the sale of all of the real estate as prayed for. Sale was made to Nimon Rokos Heed and Mary Rokos Heed, the petitioners in this action, and certificate of sale of two-thirds, undivided, of the real estate of the deceased testator for the sum of $2,800. was returned into the Probate Court. No appeal was taken from the decree. Subsequently the purchasers of the two-thirds interest brought petition in the Probate Court for partition of the said properties. The widow, appearing in opposition, claimed that there was a dispute as to the proportions; that she owned one-half interest instead of one-third interest, as alleged in the petition, and that the license and sale under which the petitioners claimed interest were invalid.

The Probate Court granted the petition and appointed commissioners to make the partition. The respondent appealed to the Supreme Court of Probate. The Justice of the Superior Court, sitting therein, affirmed the decree of the Probate Court, to which decision the respondent excepted and comes to this Court.

The exceptions set forth that the decision of the Justice in the Supreme Court of Probate was erroneous in four respects:

"FIRST: This appeal was heard at the April term of the Supreme Court of Probate in Kennebec County which term finally adjourned April 23, 1943 but the decision in this case was not filed until May 28, 1943."

The appellant has not pressed this reason for exception and may be considered to have waived the same. However, inasmuch as a decision of a Superior Court Justice, after hearing had, not rendered within the time prescribed by law, would be void we feel it proper to say that the record shows that the decision was rendered and filed during the vacation following the

term in which the matter was heard, and therefore is not faulty as regards the time in which it was filed.

SECOND: She says that her share was an undivided half and that there is a vigorous and active dispute in regard to the title, i.e. as to the amount of her interest."

R. S. Chap. 78, Sec. 1, provides that the Court of Probate may make partition "when the proportions of the respective parties are not in dispute between them, ... or upon other questions that he thinks proper for the consideration of a jury and a court of common law."

The statute above referred to, Chap. 89, Sec. 1, I, as defining the widow's right of descent in the real estate of a deceased husband leaving kindred, but no issue, provides that she shall be entitled to one-half interest; but this provision is qualified by the clause, "being subject to the payment of debts," and the closing sentence, "In any event, one-third shall descend to the widow or widower free from payment of debts." It follows that a sale of all of the real estate must be made subject to her one-third interest. *Longley* v. *Longley*, 92 Me., 395, 398, 42 A., 798. To deprive the Probate Court of jurisdiction to act, there must be a real doubt, an uncertainty as to the rights of the respective parties. It is not enough that assertion be made that there is a dispute nor even that the parties are not in agreement as to their rights. There must be that uncertainty as to facts or law that warrants submission to a jury or other legal tribunal for decision. *Dearborn* v. *Preston*, 89 Mass., 192; *Earl* v. *Rowe*, 35 Me., 414. There was no such dispute or uncertainty as to the title of the respective parties or other issue that prevented the Judge of Probate from taking jurisdiction.

"THIRD: That it was not necessary, right nor proper to sell two parcels of real estate of the value of nine thousand three hundred dollars ($9,300) with an equity above mortgages of seven thousand six hundred dollars ($7,600)

for the payment of debts amounting to two hundred eighty-five dollars and thirty-four cents ($285.34) ."

This exception is directed to the correctness of a decision of the Judge of Probate in a previous proceeding. It is a collateral attack upon the decree issued therein and cannot prevail if the subject matter and the decree were within the jurisdiction of that tribunal. The allegation in that proceeding invoked the provision of the statute R. S. Chap. 85, Sec. 1, III, which provides that the Judge of Probate may license the sale of the whole of the real estate of a deceased person when it appears by the petition and proof that the residue would be greatly depreciated by a sale of any portion thereof under the provisions of Sec. 1, I of the same statute. The petition duly presented required the Judge to make decision upon the proof submitted, as to the correctness of the allegation and to issue a decree appropriate to his finding. The subject matter and decree were within the jurisdiction of the Judge of Probate. It was not appealed and is not open to attack in this proceeding.

Chief Justice Cornish said in *Thompson, Appellant,* 116 Me., 473, 476, 102 A., 303, 304:

"It is familiar law that the Probate Court is without common law jurisdiction, and is limited in its powers to those directly conferred by statute and to those necessarily incident to the execution of such powers. But it is equally well settled that its decrees in matters within its jurisdiction and within its statute-given authority are conclusive unless vacated or revoked. Snow v. Russell, 93 Me., 362 - 376."

And in *Tobin* v. *Larkin,* 187 Mass., 279, 282, 72 N. E. 985, 986, Chief Justice Knowlton said:

"A decree of the Probate Court within its jurisdiction is good unless it is set aside, and it cannot be attacked collaterally."

We base our decision wholly upon the ground that the granting of the license to sell the real estate of the deceased was a matter within the jurisdiction of the Judge of Probate and cannot therefore be attacked in this proceeding. Whether the circumstances under which the license was obtained were such as to warrant the vacating of the decree upon direct attack in appropriate proceedings is a question not before us and is not affected by our ruling.

"FOURTH: That the two parcels could not be sold for one lump sum to one party by one deed."

It is true that it has been held that when sale is made on execution, more than one equity cannot be sold for one price. This is for the reason that the debtor has the right of redemption from such sale and it is his right to redeem one parcel without redeeming another. If the different parcels are sold for one price he is prevented from redeeming unless he pays the entire price of all the equities.

*True* v. *Emery,* 67 Me., 28.

*Bartlett* v. *Stearns,* 73 Me., 17.

*Barnes* v. *Hechler,* 124 Me., 30, 125 A., 226.

But, upon sale of the real estate for the payment of debts of an estate, no right exists in the heir, devisee or widow to redeem from such sale. Therefore, there is no reason for such a rule. The proceeds of the sale go into the hands of the executor for the payment of debts and other charges and the residue is distributed according to the rights of the beneficiaries. Segregation of the proceeds of the different parcels would serve no purpose.

The Order must be:

*Exceptions Overruled.*