[File No. 7091]

## IN THE MATTER OF THE ESTATE OF
## DAVID WILSON ANDERSON, Deceased.

D. L. ANDERSON, Administrator, and Mary E. Wells and Telford M. Anderson, Appellants, v. MARY E. WELLS, Arminda E. Anderson, Telford M. Anderson, Leona Kline, D. L. Anderson, and all other persons unknown claiming any estate or interest in, or lien or encumbrance upon the estate of David W. Anderson, Deceased, Respondents.

(34 NW2d 413)

Opinion filed October 13, 1948.

*Ingomar M. Oseth,* for appellants.
*August Doerr,* for respondents.

GRIMSON, Dist. J. On the 5th day of May 1936, D. L. Anderson, plaintiff and appellant, filed in the county court of Logan County a petition for letters of special administration in the estate of David W. Anderson and a petition for letters of administration. Letters of special administration were granted him the same day. A citation hearing the petition for the appointment of administrator was issued that day returnable on the 27th day of May 1936. Service thereof by publication and mailing was made. On the return date all the respondents appeared and filed waivers of service of all citations and notices required to be given in the course of administration of the estate. The county court obtained jurisdiction of both the subject matter and the parties. Plaintiff was thereupon appointed administrator. He duly qualified and entered upon his duties.

The notice to creditors was given, appraisers appointed and inventory and appraisement filed and allowed. That far the proceedings seem to have been strictly in accordance with statute.

An unverified statement of the assets of the estate and of the payments made so far in the course of administration was filed by the administrator November 27, 1936. Then a purported final report and account and petition for distribution was filed by the administrator on May 27, 1939. No action was taken on either of such reports.

Also on May 27, 1939, the administrator filed a petition for the appointment of a disinterested commission to re-appraise and recommend to the court a partition in severalty of the property of the estate. Together with that petition a stipulation for partition of the assets of the estate among the heirs, signed by two of the respondents, was filed. No appearance or stipulation was signed by two of the respondents. On the same day the county court appointed one man as such a commission. The commissioner duly qualified and on the 7th day of March 1940,

filed his report including an appraisment of such of the property as he believed to have financial value and recommended a partition thereof. On the same day the county court issued an order confirming the report of the commissioner and ordering the distribution of the property in accordance with his recommendations.

A petition was filed on February 17, 1940, by one of the heirs asking for a full accounting by the administrator. A citation was issued on that petition requiring the administrator to file his final report and accounting or show cause on the 7th day of March 1940. On that date an answer was filed by the administrator. No action was taken. On April 8th 1940, the administrator filed a supplemental accounting and a citation was issued thereon returnable April 20th 1940. No action was taken on that, but on April 20th a final decree of distribution, predicated on the recommendation of the commissioner on partition, was issued by the county court. This was not recorded in the Register of Deeds office until March 12, 1942.

Also on April 20th 1940, an application was made by the administrator for determination of the North Dakota estate tax. That was determined by the county court April 24, and approved by the Tax Commissioner on April 27th 1940.

No further action seems to have been taken concerning the estate until the 26th of June 1945, when an application was filed by the administrator to set aside the proceedings upon partition and to vacate the alleged decree of final distribution. A citation on that petition was issued returnable August 28, 1945. Due service of that citation was made. The county court denied and dismissed that application.

On August 27, 1945, the administrator filed an amended report and accounting and petitioned for a hearing thereon. A citation was issued on that, returnable September 27th. On September 25th objections thereto were filed. On September 27th the county court denied a hearing and dismissed the petition.

An appeal from both orders was taken to the district court of Logan county. After trial the district court reversed the

order of the county court denying a hearing on the final account and remanded that feature to the county court with directions to proceed with an accounting. The district court, however, denied the application to set aside the final decree and from that order this appeal is taken. A trial de novo is demanded.

The county court derives all its powers and authority from the Constitution and the statutes. It has no common law jurisdiction. It is a court of limited jurisdiction. It is, however, generally recognized and well settled that its decrees in matters within its jurisdiction and in conformity with its statutory authority are entitled to the same faith and credit as judgments of other courts of record. Sec 27–0739, NDRC 1943; Reichert v. Reichert, 41 ND 253, 170 NW 621; Sjoli v. Hogenson et al. 19 ND 82, 122 NW 1008; Fischer v. Dolwig, 29 ND 561, 151 NW 431.

Sec 27–0709, subdiv 15, NDRC 1943, provides that in the exercise of its jurisdiction the county court shall have power "to open, vacate, or modify a decree for fraud, mistake, newly discovered evidence or other sufficient cause." Sec 30–0308 authorizes a rehearing for such causes and also for "(4) the nonexistence of any fact necessary to jurisdiction." Sec 30–0309 provides that the application for a rehearing on the ground of mistake, inadvertence, surprise or excusable neglect must be made within thirty days after the date of the order on which rehearing is sought. In case of irregularity in the service of process, fraud, misconduct of the prevailing party or his attorney or agent, or abuse of discretion on the part of the court which prevented the applicant from appearing or maintaining a material issue on his part at the former hearing or in case of newly discovered evidence the application must be made within one year after the date of the decree or order to which the application relates. No limitation of time, however, is placed by the statutes on an application for a rehearing or on a motion to vacate on the ground of the nonexistence of any fact necessary to jurisdiction.

The report of the commissioner on partition was approved March 7, 1940. Final decree of distribution was rendered April

20, 1940. The application to vacate was not made until June 26, 1945. All the grounds alleged in the petition and enumerated in the statute except the lack of jurisdiction were, therefore, barred. Reichert v. Reichert, supra; Bellingham State Bank v. McCormick, 55 ND 700, 215 NW 152.

The question then arises whether the evidence discloses the non-existence of any fact necessary to give the county court jurisdiction to decree the final distribution of the estate. Even if the county court has jurisdiction of the parties and of the subject matter, it must also substantially follow the procedure prescribed by statute in order to act with authority on any matter pending before it. "Where statutory powers are conferred on a court of inferior jurisdiction, and the mode of executing those powers is prescribed, the course pointed out must be substantially pursued, or the judgments of the court will be void." 49 CJS 40. "A court which has statutory jurisdiction of an action may lose the jurisdiction and do acts without the authority of the law so that its judgments will be void for want of jurisdiction." State ex rel. Lang v. Civil Court of Milwaukee County, 228 Wis 411, 280 NW 347.

In re Roukos' Estate, 140 Me 183, 35 A2d 861, it is held: "However, the Probate Court having taken jurisdiction of the matter, was bound to proceed, as a fact, to exercise that jurisdiction in accordance with the admonition of the statute. The Probate Court is a statutory court and must exercise the jurisdiction vested in it by the statute and in the manner prescribed therein. Snow v. Russell, 93 Me 362, 374, 45 A 305, 74 Am St Rep 350; In re Thompson, Appellant, 116 Me 473, 476, 102 A 303. A failure to comply with the admonition of the statute will lay the decree open to direct attack." See also Taber v. Douglass, 101 Me 363, 64 A 653; In re Meredith's Estate, 275 Mich 278, 266 NW 351, 104 ALR 348.

In the case of Smith et al. v. Westerfield et al. 88 Cal 374, 26 P 206, the question involved was the determination of heirship. The court after referring to the statutes authorizing special proceedings for that purpose says: "Whenever distribution is sought under either of these sections the court has power

to inquire into and determine who are the heirs of the deceased and entitled to receive the estate; but the terms of each of these sections show that this power can be exercised only after the final accounts of the administrator have been settled."

In re Hawgood's Estate, 37 SD 565, 159 NW 117, the probate court had made a partial distribution without requiring the bond from the legatee provided by statute. The court held that this requirement of bond was jurisdictional and that partial distribution made without a bond was invalid.

In California it has repeatedly been held that the probate court has no authority to decree final distribution until the statutes regarding final accounts have been substantially observed. In re Coursen's Estate, 6 Cal Unrep 756, 65 P 965. To the same effect are the holdings of the Massachusetts Supreme Court. In the case of Browne v. Doolittle, 151 Mass 595, 25 NE 23, the Court says: "A full accounting is necessary before a full distribution can be made, and the distribution comes after the settlement of the estate. . . . The Court has authority to distribute only the balance after the debts are paid, and the fact that a creditor exists who has a right to be paid out of the assets shows that the court can not make a valid decree of final distribution." See also, Church's Probate Law and Practice, Vol 2, p 840; Herrick & Doxsee Probate Law and Practice of Iowa and Dakota, p 341; Ross Probate Law and Practice, Vol 1, p 841. In Schouler on Wills, Executors and Administrators, Sixth Edition, Vol 4, p 2758, Sec 3423, it is said, "The due computation of that balance which serves as the basis of a rightful distribution is necessarily postponed to the lawful adjustment of debts due from the estate to its creditors; and hence the postponement of distribution."

The first report of the administrator was filed November 27, 1936. It does not purport to be a final report and accounting and no action was taken upon it. On May 27th, 1939, a purported final report and account and petition for distribution was filed by the administrator. No action was taken on that. That it was not complete, however, is shown by the following facts. One of the respondents later filed a petition alleging that the

administrator had failed to render a complete and sufficient report and accounting and asking for a hearing thereon. The administrator, in response to a citation thereon, filed an answer to that petition and a revised supplementary schedule and account on which a citation was issued returnable April 20, 1940. No order thereon was ever made. Then on March 17, 1941, the administrator wrote the county judge asking for the status of the estate at that time. The county judge answered, "Your final report is incomplete, should be amended and a complete report should be filed. Final Decree of Distribution does not contain all property which belongs to the estate."

Concurrently with the filing of this first alleged final report the so called partition proceedings were had. Sec 30–2101 NDRC 1943 provides that a petition for a legacy or share of the estate may be filed by an interested party upon his giving a bond for the payment of his proportionate share of the debts of the estate and if it appears that such a petition may be allowed without loss to the creditors it may be allowed upon the filing of such bond. No such bond was filed. These alleged partition proceedings do not comply with that statute. The only other provisions relating to partial distribution or partition are Sec 30–2120 to 30–2129 inclusive. They apply only after final settlement of the estate. Neither were those provisions followed in this proceeding. Under them, all the heirs must join in the stipulation for the partition. In these proceedings only three of the five heirs requested partition. The notice required by Sec 30–2126 was not given to interested parties by the commissioner before he took his action and made his report on partition.

With the status of the case in that condition and with no record of any hearing or order upon the final account the final decree, specifically based on the report of the commissioner on partition, was rendered by the county court on April 20, 1940. At that time the estate tax had not been determined nor any complete final accounting or settlement made. The county court did not record the final decree in the register of deeds office as required by Sec 30–2111 and it was not recorded at all for almost two years.

Chapter 30–20 NDRC 1943, provides for the accounting and

settlement of estates. Sec 30–2001 provides for a report and accounting by the administrator when the estate is ready for final settlement. Sec 30–2002 provides that the report must contain all information necessary to show the condition of the estate's affairs. Then follow provisions of that chapter providing the procedure and for hearings and determination upon various matters that may come into question during the accounting. Sec 57–3714 provides for the assessment of the estate tax before the final decree is rendered. Ch 30–21 NDRC 1943 provides for the distribution of estates. Sec 30–2105 provides that the county court shall enter a final decree of distribution "upon expiration of the time for appeal from the decree allowing and confirming the final account" and "distribute the residue of the estate." Thus the statutes definitely provide for the settlement of the estate before a decree of distribution shall issue. In this estate that settlement is still pending in the county court in accordance with the order of the district court remanding the petition for final accounting to the county court for hearing. Thus we have the anomalous situation of an estate in which a final decree has been issued while a final accounting and settlement is still pending and against which claims of $3002.66 are made.

The main objects of the probate of an estate such as this one are that the property of the deceased may be properly collected, preserved and accounted for; that his just debts may be adjusted and paid and that the residue of the estate may be distributed among those legally entitled thereto. The statutes are drawn to effect those objects.

The record in the case at bar clearly shows that none of the proceedings taken by the county court following the publication of notice to creditors and the allowance of the inventory and appraisement were in accordance with the statutes. Improvised methods were adopted in an attempted partition. An alleged final decree was issued on the strength of those proceedings. No final account was settled. The evidence shows that at the time of the hearing in district court there were unsettled claims against the estate and further that some of the property of the estate had been omitted from the alleged final decree. Clearly the essential final settlement of the estate was never had. Final

account and settlement are conditions prerequisite to the issuance of a final decree. The alleged final decree was, therefore, made without authority. It must be set aside and vacated.

The judgment of the district court is reversed and the case remanded to the district court with directions to enter judgment setting aside the proceedings on partition and vacating the alleged final decree.

CHRISTIANSON, C.J., and MORRIS, BURKE and NUESSLE, JJ., concur.