**Milton KLAUDT, Plaintiff and Respondent,**

**v.**

**Margaret M. KLAUDT, Defendant and Appellant.**

**No. 8464.**

Supreme Court of North Dakota.

Jan. 31, 1968.

73

George E. Duis, Fargo, for appellant.

Hjellum, Weiss, Nerison & Jukkala, Jamestown, for respondent.

ERICKSTAD, Judge.

On August 30, 1961, Milton Klaudt filed his complaint with the Clerk of the District Court of Burleigh County, seeking a divorce from his wife Margaret M. Klaudt. For purposes of clarity we shall hereafter refer to the parties by their first names.

Service of the summons was made upon Margaret in the State of Idaho on September 12, 1961. An answer and counterclaim were interposed by Margaret, to which Milton replied. The case came on for hearing before the district court at Jamestown in Stutsman County on April 19, 1962, pursuant to stipulation entered into by counsel for both parties. At this hearing Milton appeared in person and was represented by counsel, and although Margaret did not appear in person, her appearance was entered by her counsel. An agreement entitled "Stipulation" which was signed by both Milton and Margaret and by their respective counsel was submitted to the court. Among other things the stipulation requested an immediate trial of the issues raised by the pleadings and con-

tained a statement to the effect that the counterclaim and the reply thereto were withdrawn. From the transcript we note that counsel for Margaret informed the court that an answer had been filed. As the record before us does not contain either the answer or the counterclaim, we assume that they were contained in the same instrument and that they were both withdrawn. Milton and his corroborating witness testified, and counsel for Margaret cross-examined Milton on matters which are immaterial to the issue on this appeal. No evidence was submitted on Margaret's behalf, and no objection was made by her counsel to the granting of the divorce. He made the following statement at the close of the proceedings:

I have entered my appearance in this case. Collusive divorces are against the law, and I don't concede the grounds were proved here. I do say this stipulation was entered into by my client and she understands the terms thereof, and if the Court decides there are grounds, then we consent that this stipulation be incorporated in the judgment; and of course, if the Court decides there are grounds, I can see of no reason why the parties should be restricted from remarrying at any time.

Following that statement the court stated that it believed the plaintiff had grounds for divorce and that it was granting him an absolute decree of divorce, with the property settlement and support agreement stipulation to be incorporated in the judgment.

Contained in the complaint was the allegation that "[Milton Klaudt and Margaret M. Klaudt] are citizens of the United States of America and for more than one year last past have been in good faith residents of North Dakota."

Finding No. 2 of the court's findings of fact reads as follows: "That [Milton Klaudt and Margaret M. Klaudt] are citizens of the United States of America and

for more than one year last past have been in good faith residents of North Dakota."

The findings of fact, conclusions of law, and order for judgment are dated April 23, 1962, and the judgment based thereon is dated April 30, 1962. The filing data discloses that the judgment was filed in the office of the Clerk of the District Court of Burleigh County on the latter date.

The record does not disclose the date upon which written notice of the entry of the judgment was served upon Margaret, but in any case no further legal action was taken in North Dakota by Margaret until January 18, 1963, when she served on Milton and his counsel by mail what is denominated in the affidavit of service as "Notice of Motion to Vacate Judgment and Affidavit."

The motion asked that the court set aside and vacate the judgment "heretofore entered" or in the alternative that the court vacate the judgment "hereinbefore entered" and "reinstate" the defendant's answer and permit her to defend the action on the merits.

This motion was heard by the district court in Jamestown on February 11, 1963. Following the taking of considerable testimony submitted by Margaret, the cross-examination of Milton, and the presentation of argument by counsel for both parties, the court took the case under advisement. In its order of June 16, 1965, it denied the defendant's motion and ordered that judgment be entered accordingly. Judgment on this order was accordingly entered and filed on June 21, 1965, in the office of the Clerk of the District Court of Burleigh County.

The order denying the defendant's motion in the alternative and the notice of the entry of the judgment on that order were served by mail upon Margaret's counsel on June 21, 1965. As indicated by the affidavit of service, service of the notice of appeal from "the Judgment and Decree heretofore entered in the above captioned mat-

ter, and from the Order of District Judge M. C. Fredricks denying the Defendant's Motion to Vacate Judgment and denying the alternative Motion for an Order Vacating and Setting Aside Judgment and Decree herein, which Order was entered on the 16th day of June, 1965, in favor of the Plaintiff and against the Defendant" was served upon counsel for Milton on July 7, 1965. That appeal, however, was not perfected.

On August 18, 1967, notice of a second motion to vacate judgment, the second motion, and affidavits in support of the second motion were served by mail on Milton's counsel. The court apparently entered its order denying the second motion to vacate the judgment on August 28, 1967. In any case, by notice of appeal dated September 11, 1967, Margaret asserted the following:

> You will please take notice that the Defendant hereby appeals to the Supreme Court of the State of North Dakota from the Order of District Judge M. C. Fredricks denying the Defendant's Motion to Vacate the Judgment herein entered and for an Order Vacating and Setting aside the Judgment and Decree herein, which Order was entered on the 28th day of August, 1967, in favor of the Plaintiff and against the Defendant, and this Defendant appeals from the whole thereof.

Service of that notice of appeal, undertaking for costs on appeal, and specifications of error was admitted on September 29, 1967, by Milton's counsel.

A stipulation settling the statement of the case, upon which the statement of the case is based, asserts that the appeal is from the second order denying Margaret's second motion.

Margaret's basic contention on this appeal is that the trial court did not acquire jurisdiction of the parties in the divorce action because neither of them was a resident of North Dakota for twelve months

next preceding the commencement of the action, and thus that the trial court erred in failing to set aside the divorce judgment. With this contention we do not agree.

The statute upon which Margaret relies is N.D.C.C. § 14-05-17, the pertinent part of which reads as follows:

> A divorce must not be granted unless the plaintiff in good faith has been a resident of the state for twelve months next preceding the commencement of the action * * *.

■ That section reads the same today as it did when this court rendered its decision in Schillerstrom v. Schillerstrom, 75 N.D. 667, 32 N.W.2d 106, 2 A.L.R.2d 271 (1948), wherein it said:

> The requirement of R.C.1943, 14–0517, that "A divorce must not be granted unless the plaintiff in good faith has been a resident of the state for twelve months next preceding the commencement of the action," is not a jurisdictional prerequisite in the strict sense that it limits or restricts the jurisdiction of the district court to hear the case and determine all issues in the action, including the question of plaintiff's residence. * * *

Schillerstrom v. Schillerstrom, supra, Syllabus 8.

In the concluding paragraph of *Schillerstrom* the court said:

> Accordingly, even though the trial court erred in its finding of fact to the effect that the plaintiff had been domiciled in this state "for twelve months next preceding the commencement of the action," which qualification is required of the plaintiff by 14–0517 as a prerequisite to "granting" a divorce, such an error is not an act in excess of jurisdiction, but merely an error in the exercise of jurisdiction. Therefore, the trial court had jurisdiction to grant the divorce. If there was error, motion to vacate the judgment was not the proper

remedy for reviewing it. Wiemer v. Wiemer, 21 N.D. 371, 130 N.W. 1015. The time for appeal from that judgment has expired. It cannot now be attacked because of error. * * *

Schillerstrom v. Schillerstrom, supra, 124.

The trial court had jurisdiction of the subject matter (divorce) and the parties (Milton because he invoked its jurisdiction in initiating the action and Margaret because she appeared generally by counsel). Hartenstein v. Hartenstein, 18 Wis. 2d 505, 118 N.W.2d 881, 886 (1963). Therefore, it had jurisdiction to try and determine the action notwithstanding that Milton may not have resided in this state for twelve months next preceding the commencement of the action.

Normally, before the time within which an appeal may be taken begins to run, written notice of the entry of the judgment must be served upon the party against whom the judgment is entered when that party has appeared in the action.

28-27-04. Time for appeal.—An appeal from a judgment may be taken within six months after the entry thereof by default or after written notice of the entry thereof, in case the party against whom it is entered has appeared in the action, and from an order within sixty days after written notice of the same. shall have been given to the party appealing.

North Dakota Century Code.

In this case the record does not disclose that such a written notice was served upon the defendant, but as she had actual notice of the entry of the judgment (as evidenced by her first notice of motion to vacate the original judgment), the purpose of the statute was fulfilled. Accordingly, we hold that the time within which Margaret could appeal began to run from the date she served her notice, January 18, 1963. Since an appeal was not taken within six months from that date nor within sixty days of the service of the written notice of the entry of the order denying the first motion to vacate the judgment, that judgment and order have become final.

As the complaint in effect alleged that the plaintiff in good faith had been a resident of this state for twelve months next preceding the commencement of the action, and as that was one of the findings of the trial court upon which the divorce judgment was based, there can be no question but what the trial court determined the issue of residence. Accordingly, its decision on that issue is res judicata.

The doctrine of res judicata as stated in many cases is that an existing final judgment rendered upon the merits, without fraud or collusion, by a court of competent jurisdiction, is conclusive of rights, questions, and facts in issue, as to the parties and their privies, in all other actions in the same or any other judicial tribunal of concurrent jurisdiction. * * *

Heasley v. Glinz, 142 N.W.2d 606, 607 (N.D.1966), quoting 30A Am.Jur. *Judgments* § 324 (1958).

Lest it be argued that notwithstanding that the court had jurisdiction to enter the judgment entered, and notwithstanding that the defendant failed to appeal therefrom within the required time, nevertheless the defendant is entitled to relief under N.D.R.Civ.P. 60(b), it should be noted that we have considered the defendant's contention in light of that rule and that we find in it no basis for granting the defendant relief.

It is Margaret's contention that she would not have withdrawn her answer and counterclaim nor signed the property settlement and support stipulation had she known that she could have prevented the divorce by disproving Milton's allegation that he in good faith had been a resident of the state for twelve months next preceding the commencement of the action; and

presumably she would have appealed from the judgment within the statutory period had she been cognizant of her right to prevent the divorce by disproving that allegation.

We think it is sufficient answer to her contention and our assumption of her position that, although she lived in Boise, Idaho, and her then counsel lived in Bismarck, North Dakota, she was represented by an experienced, competent attorney, and there is nothing in the record to indicate—nor does she contend—that she was in any way misled. If we were to permit a judgment to be vacated on such ground, no divorced person would be safe in remarrying, for fear that the decree which granted the divorce might sometime in the future be set aside merely because the other party asserted that he or she had not been fully advised of his or her rights.

We accordingly hold that the decision of the trial court denying the second motion to vacate the divorce judgment is affirmed.

TEIGEN, C. J., and STRUTZ, PAULSON and KNUDSON, JJ., concur.