**Joan G. SCHNELL, Plaintiff and Appellee,**

v.

**Robert D. SCHNELL, Defendant and Appellant.**

Civ. No. 9263.

Supreme Court of North Dakota.

March 24, 1977.

part-owner, and ranching operations. Among the matters covered in the findings of fact and the judgment entered shortly thereafter, which are material to this appeal, are these: (1) the creation of a trust known as the "Schnell Ranch Trust" which would hold real estate and personal property of the parties used for ranching and operate the ranch until the youngest child of the parties attained the age of 21 years or completed college education, and thereafter terminate, at which time $78,594.77 (the value of certain property separately owned by Robert Schnell) would be returned to him, and the balance of the property conveyed in equal shares to the plaintiff and the defendant; and that (2) Robert Schnell was required to pay $700 per month to Joan Schnell for support and maintenance and $200 per month for the support and maintenance of each child, as well as certain other educational and medical expenses, until each child reaches the age of 21 years or completes four years of college education. (The termination of the trust and the support payments were incorrectly stated in the original judgment and modified by stipulation and order at a later date.)

The original judgment was entered on May 28, 1974. The appellee, Joan Schnell, asserts that many of the issues which Robert Schnell attempts to raise in the present appeal are res judicata. In order to determine which issues, if any, are res judicata, we must examine some of the numerous post-trial motions and rulings made.

Leonard H. Bucklin, of Zuger & Bucklin, Bismarck, for plaintiff and appellee.

Maurice R. Hunke, Dickinson, for defendant and appellant.

VOGEL, Justice.

This is an appeal from several post-trial rulings made in a divorce action. The trial court entered its findings of fact, conclusions of law, and order for judgment on May 17, 1974. The findings of fact were full and comprehensive, covering many aspects of the extensive income and financial holdings of the parties, particularly the appellant. He had, and still has, very extensive real estate holdings and substantial income from fees earned as an auctioneer, income from a sales ring in which he is a

## RES JUDICATA ISSUE

A notice of appeal was filed on July 25, 1974. That notice specifies that the appeal is "from the entire judgment . . . other than that part of the judgment awarding a final decree of divorce dissolving the bonds of matrimony between the plaintiff and defendant and awarding custody of the minor children to the plaintiff." On October 28, 1974, the parties stipulated to dismiss the appeal.

▇ Thereafter, the parties made various motions to amend the judgment, none

of them within the time limit specified by Rule 59(j), N.D.R.Civ.P., which specifies a ten-day period of time for making motions to amend. If the motions had been made within the ten-day period, they would have suspended the running of the time for appeal, as provided by Rule 4, N.D.R.App.P. Since the motions were not timely, they do not suspend the running of the time for appeal. Rule 4(a), N.D.R.App.P. See 9 Moore's Federal Practice ¶ 204.12[2]. Such a motion, even though not timely made and not effective to suspend the running of the time for appeal, may still be considered by the court as a motion to reopen the judgment under Rule 60(b), N.D.R.Civ.P., if it seeks relief available under that rule [see 9 Moore's Federal Practice ¶ 204.12[2]], as the motions before us did. All of such motions asked the court to modify the judgment in one respect or another.

The district court apparently treated the motions to amend as if they were motions under Rule 60, asking for relief from, or amendment of, the judgment. All of them were considered by the court. Most were denied, but a few modifications of the judgment were made.

■ Assuming that the motions were properly treated as motions to grant relief from, or to amend, the judgment, as permitted by Rule 60, still the time for appeal was not thereby extended, since motions under Rule 60 do not suspend the running of the time for appeal. Rule 60(b) expressly states that "A motion under this subdivision (b) does not affect the finality of a judgment or suspend its operation."

■ Thus the time for appeal from the 1974 judgment would have expired 60 days from notice of its entry. Rule 4(a), N.D.R. App.P. The filing of the notice of appeal on July 25, 1974, suspended the running of the time for appeal while it was pending, but that time began to run again when the parties stipulated for the dismissal of the appeal. The dismissal of an appeal makes the judgment final and res judicata. *United States v. Munsingwear*, 340 U.S. 36, 71 S.Ct. 104, 95 L.Ed. 36 (1950). However, as we have stated, the court entered orders allowing some minor changes in the judgment. Amended judgments in accordance with the orders were thereupon entered. To the extent that the amended judgments modified the original judgment, and only to that extent, the entry of the amended judgments permitted a new time for appeal to begin running. As stated in 9 Moore's, *supra*, ¶ 204.12[1]:

"It should be noted that an order refusing relief under Rule 60(b) is itself an appealable order, but the appeal brings up only the correctness of the order. It does not permit the appellant to attack the underlying judgment for error that he could have complained of on an appeal from it."

■ We note, finally, that Rule 60 is not to be used as a substitute for an appeal [*Ackermann v. United States*, 340 U.S. 193, 71 S.Ct. 209, 95 L.Ed. 207 (1950); *Hefty v. Aldrich*, 220 N.W.2d 840 (N.D.1974)], and that there must be an end to litigation some day, and free, calculated, deliberate choices are not to be relieved from [*City of Wahpeton v. Drake-Henne, Inc.*, 228 N.W.2d 324 (N.D.1975); *Ackermann, supra; Hefty v. Aldrich, supra; In re Braun*, 145 N.W.2d 482 (N.D.1966)]. Cases applying the doctrine of res judicata in divorce cases include *Klaudt v. Klaudt*, 156 N.W.2d 72 (N.D. 1968), and *Steele v. Steele*, 189 N.W.2d 660 (N.D.1971).

■ We therefore conclude that all the provisions of the original judgment which were not included within subsequent amendments to that judgment by the court and appealed by timely notice of appeal from such amended judgment are res judicata and not appealable.

Based upon this analysis, we now examine the issues raised by the appellant to determine which, if any, are appealable.

The appeal now before us is based upon a notice of appeal filed on July 9, 1976, which states that the defendant appeals from the judgment of May 19, 1976, from the order for change of trustee and amendment of judgment dated May 4, 1976, and from that certain order for amended judgment dated

May, 4, 1976, and from that certain order on motions and for amendment of judgment dated May 11, 1976. It goes on to say that it appeals "from so much of said amended judgment and orders" as (1) denies the defendant's motion and application to terminate and dissolve the "Schnell Ranch Trust" nunc pro tunc as of May 17, 1974, the date it was established, upon the ground that the trust was and is not authorized by law and the district court's creation of the trust was in excess of its jurisdiction, power, and authority; (2) denied the defendant's motion and application to terminate all child-support payments to the plaintiff for children of the parties who have reached the age of majority; (3) denied the defendant's motion and application to reduce the amount of alimony payments and support payments by reason of a material change of circumstances constituting a 60-percent reduction in the defendant's personal income from the time the original judgment was entered; and (4) denied the defendant's motion and application to amend the judgment so as to provide for payment of interest on $78,594.77 which was determined to be separate property of the defendant but which was subjected to the trust.

### ESTABLISHMENT OF TRUST

The original judgment in 1974 provided for the establishment of the Schnell Ranch Trust. Subsequent orders of the district court had provided for a change of trustee, and for changes in authority of the trustee and for various matters relating to the operation of the trust. However, none of the subsequent orders affected the establishment of the trust, which was accomplished by the original judgment of 1974. The time for appeal from that judgment having expired, and the sole appeal from that judgment having been dismissed, the matter is res judicata and not properly before us. Under principles stated above, the defend-

ant's application of January 9, 1976, asking that the Schnell Ranch Trust be terminated nunc pro tunc as of the date it was established, is an attack upon a judgment which became final in 1974, is to be construed as a motion under Rule 60(b) to set aside the judgment, and was properly denied by the district court in its order of May 11, 1976. The matter is res judicata.[1]

■ The appellant asserts that his attack is upon the jurisdiction of the district court, and that lack of jurisdiction can be raised at any stage of the proceedings. This is generally correct. *Lende v. Wiedmeier,* 179 N.W.2d 736 (N.D.1970). But jurisdiction must not be confused with the power of a court which has jurisdiction. The district court in 1974 had jurisdiction of the subject matter of the action, the marriage of the parties, and it had jurisdiction over the persons, the plaintiff and the defendant. If it exceeded its powers in establishing the trust, a point which we do not reach, such an act in excess of its powers was then appealable, but cannot be attacked collaterally after the judgment became final.

In *City of Fargo v. Annexation Review Commission,* 148 N.W.2d 338, 356 (N.D. 1967), we relied on sources quoted or paraphrased in *Baker v. Lenhart,* 50 N.D. 30, 34, 195 N.W. 16, 17 (1923), regarding jurisdiction, as follows:

"Jurisdiction relates to the power of the tribunal, and not to the rights of the parties." *Dahlgren v. Superior Court of Santa Cruz County,* 8 Cal.App. 622, 97 P. 681 (1908).

"The test of the jurisdiction of a court is whether or not it had power to enter upon the inquiry; not whether its conclusion in the course of it was right or wrong." *Board of Commissioners of Lake County v. Platt,* 79 F. 567, Syllabus ¶ 4, 25 C.C.A. 87 (8th Cir. 1897).

---

1. We do not reach the merits. However, anyone researching a similar question should examine Section 14–05–25, N.D.C.C., quoted in full *infra,* which authorizes a court granting a divorce to " . . . require either party to give reasonable security for providing mainte-

nance or making any payments required under the provisions of this chapter, and may enforce the same by appointment of a receiver or by any other remedy applicable to the case. . . . " And see *Schumacher v. Schumacher,* 242 N.W.2d 136 (N.D.1976).

"Excess of jurisdiction is to be distinguished from errors of law or of fact committed by the inferior tribunal within the limits of its jurisdiction. Such an error does not constitute an excess of jurisdiction. If a court acts in the exercise of its lawful jurisdiction, and not in excess of such jurisdiction, the mere fact that its conclusion is wrong does not make its action an excess of jurisdiction." 4 California Juris. pp. 1036, 1037.

█ In so holding, we have not overlooked *In re Anderson's Estate*, 76 N.D. 163, 34 N.W.2d 413 (1948), holding that a county court which has jurisdiction of the parties and the subject matter may lose jurisdiction if it fails to follow procedures prescribed by statute. As the cases cited in our opinion show, the rule applies to inferior statutory courts. The district courts of North Dakota are constitutional courts of general jurisdiction N.D.Const., Secs. 85 and 92.

In *Klaudt v. Klaudt, supra*, 156 N.W.2d at 75, we held that a judgment finding that the divorce plaintiff had been a resident of the State of North Dakota for the period of time required by statute could not be successfully attacked in a motion to vacate the judgment, because the judgment was res judicata. We held [quoting *Schillerstrom v. Schillerstrom*, 75 N.D. 667, 32 N.W.2d 106, 108, 2 A.L.R.2d 271 (1948)] that the statute requiring twelve months' residence preceding the commencement of the action was " . . . not a jurisdictional prerequisite in the strict sense that it limits or restricts the jurisdiction of the district court to hear the case and determine all issues in the action, including the question of plaintiff's residence."

█ The matter of the establishment of the trust is no longer open to attack by the parties. It is res judicata. If there was error, it was not " . . . an act in excess of jurisdiction, but merely an error in the exercise of jurisdiction. . . ."

The time for appeal from [the] judgment has expired. It cannot now be attacked because of error." *Klaudt v. Klaudt, supra*, 156 N.W.2d at 75–76, quoting *Schillerstrom v. Schillerstrom, supra*, 32 N.W.2d at 124.

## CHILD SUPPORT AFTER MAJORITY

█ The second point, the allegation that the district court had no authority to provide for child support after the children reached the age of majority, also is not properly before us. The determination of the district court not having been appealed in time and being within its jurisdiction (whether or not within its power), is res judicata.

The record shows that a provision for support of the children after majority, during the period when they would be attending college, was included in the original judgment in 1974. Subsequently, the provision was reworded by stipulation dated November 1, 1974, which was approved by an order of the district court dated November 20, 1974. The modified wording was included within an amended judgment filed January 16, 1975. There was no appeal from that judgment, and its provision therefore became final when the time for appeal from it expired. The matter therefore is res judicata. If the court exceeded its powers, a matter we do not reach, its jurisdiction was not affected.[2]

## MODIFICATION OF ALIMONY AND SUPPORT AWARDS

The matter of the modification of the alimony and support payments is properly before us. We have held many times that these matters may be raised anew after judgment, if a change of circumstances is adequately shown. This is pursuant to the authorization of Section 14–05–25, N.D. C.C., which states:

"The court may require either party to give reasonable security for providing

2. While expressing no opinion on the issues precluded from consideration by res judicata, we note the possible relevance of the following statute and citations: as to the creation of the trust, Section 14–05–25, N.D.C.C., and *Schu-* *macher v. Schumacher, supra* (fn. 1); as to support of adult children, *Wiedrich v. Wiedrich*, 179 N.W.2d 728 (N.D.1970), and *Cosgriff v. Cosgriff*, 126 N.W.2d 131 (N.D.1964).

maintenance or making any payments required under the provisions of this chapter, and may enforce the same by appointment of a receiver or by any other remedy applicable to the case. When the wife has a separate estate sufficient to give her a proper support, the court in its discretion may withhold any allowance to her out of the separate property of the husband. The court, in rendering the decree of divorce, may assign the homestead or such part thereof as to the court may seem just, to the innocent party, either absolutely or for a limited period, according to the facts in the case and in consonance with the law relating to homesteads. The disposition of the homestead by the court, and all orders and decrees touching the alimony and maintenance of either party to a marriage and for the custody, education, and support of the children are subject to revision on appeal in all particulars, including those which are stated to be in the discretion of the court."

We have, on some occasions, reduced alimony and support awards even after the district court has refused to do so. *Hegge v. Hegge*, 236 N.W.2d 910 (N.D.1975); *Hoster v. Hoster*, 216 N.W.2d 698 (N.D. 1974); *Larson v. Larson*, 234 N.W.2d 861 (N.D.1975). In *Schumacher v. Schumacher, supra* (fn. 1), we remanded for further findings. However, such modifications by this court have been unusual and rare. In *Hagge*, the modification was based upon a reevaluation of fault, and there was a dissent. In *Hoster* and *Larson*, it was based upon changes of circumstances which made it extremely difficult or impossible for the spouse paying the alimony and support money to provide for his own needs after support and alimony payments had been paid. In *Schumacher*, we remanded to the district court to ascertain the facts as to need for a continuation of a receivership of land, among other things.

This case differs substantially from *Hoster, Larson*, and *Hegge*. In those cases the income of the spouse paying alimony and support was relatively constant and predictable (unless a job is lost, as in *Hoster*). In the case of a large-scale rancher like Mr. Schnell, the income is both riskier and more variable. It likewise is subject to more control from year to year. It can be raised or lowered by making management decisions as to when to sell crops or livestock and when to pay expenses or buy feeder cattle. It can be modified by decisions as to buying and selling depreciable assets, such as breeding stock.

In the present case, it is true that the net income of Mr. Schnell, derived from many sources—auctioneer's fees of up to $50,000 per year, salary for managing the trust of $8,400, and other income—dropped substantially after the trial. But that drop was based in large part on an operating loss of the trust, managed by him, and that operating loss was due in part to a decision not to sell calves when the market was depressed and to hold them over instead. We have no doubt that the decisions made were sound and beneficial to the parties to this action in the long run, but that does not alter the fact that they do not prove a permanent or long-term loss of ability to pay alimony or support, as was evident in *Hoster* and *Larson*.

We also take notice of the fact that while the income was dropping, the net worth of the trust increased by hundreds of thousands of dollars.

We doubt very much that the judgment of the district court fixing alimony and support payments was based entirely upon the income of Mr. Schnell for only one or two years prior to trial. We believe it was based in large part on the extent of physical assets he had, his substantial earning ability as demonstrated by past income over many years, and the needs of his wife and children as well as his own needs. Over all, these have not changed enough to constitute that "change of circumstances" which will justify modifying the awards. See *Bingert v. Bingert*, 247 N.W.2d 464 (N.D. 1977).

We conclude that the district court committed no error in refusing to modify its

awards *for alimony and support on the* record made.

We emphasize that *Hoster* and *Larson* were exceptional cases, where compliance with lower court judgments verged on the impossible. We had no intention then, and have none now, of routinely reexamining awards of alimony and support awards under any other principles than those we use on other judgments. Rule 52(a) is not modified for divorce cases.

## INTEREST ON PROPERTY

The matter of the interest on property of the appellant which the district court found to be his separate property but included within the ranch trust, like questions 1 and 2, is not before us. A provision in the original judgment of 1974 to include the property within the trust corpus was never modified. The matter is therefore res judicata.

The judgment and orders appealed from are affirmed.

ERICKSTAD, C. J., and PEDERSON, PAULSON and SAND, JJ., concur.